UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T<small>INA</small> M<small>ARIE</small> R<small>OBERTS</small>-M<small>ULLETT</small>,

      Plaintiff,                                     Hon. Paul L. Maloney

v.                                                     Case No. 1:20-cv-352

C<small>OMMISSIONER OF</small>
S<small>OCIAL</small> S<small>ECURITY</small>,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

**STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

**BACKGROUND**

Plaintiff was 26 years of age on her alleged disability onset date. (ECF No. 9-10, PageID.516). She successfully completed high school and worked previously as a production line assembler, child-care provider, and a store laborer. (ECF No. 9-2, PageID.66). Plaintiff applied for benefits on November 29, 2016, alleging that

she had been disabled since August 1, 2012, due to depression, anxiety, borderline personality disorder, post-traumatic stress disorder (PTSD), learning disability, claustrophobia, high blood pressure, low back pain, right knee pain, asthma, night blindness, gastroesophageal reflux disease (GERD), urinary incontinence, right leg fungal infection, renal insufficiency, left ankle tendonitis, and right hand injury. (ECF No. 9-10, 9-11, PageID.516-32, 566).

Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 9-8 – 9-9, PageID.416-514). Following an administrative hearing, ALJ Brian Burgtorf, in an opinion dated January 14, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 9-2, 9-3, PageID.52-67, 122-90). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (ECF No. 9-2, PageID.37-42). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on June 30, 2016. (ECF No. 9-2, PageID.54). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: degenerative disc disease, urinary incontinence, asthma, sleep apnea, obesity, post-traumatic stress disorder (PTSD), learning disorder, depression, borderline personality disorder, and alcohol use disorder, severe impairments that whether considered alone or in combination

with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 9-2, PageID.55-57).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) during an 8-hour workday, she can sit for 6 hours and stand/walk for 2 hours; (2) she can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (3) she can frequently balance; (4) she can occasionally stoop, kneel, and crouch; (5) she can never crawl or work around extreme heat; (6) she can occasionally work around pulmonary irritants such as dust, odors, fumes, and gases; (7) she can understand, remember, and carry out simple instructions and make simple work-related decisions; (8) she cannot work at a production rate pace; (9) she can tolerate occasional changes in the work setting; (10) she can occasionally interact with supervisors and co-workers, but can never interact with the general public; (11) she requires verbal or demonstrative instructions; and (12) she will be off-task 10 percent of the work day. (ECF No. 9-2, PageID.57-58).

A vocational expert testified that there existed approximately 72,000 sedentary jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 9-3, PageID.185-88). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United

States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that she is entitled to relief because the ALJ failed to properly assess her RFC.

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute her opinion for that of a medical professional, the ALJ is not required to tailor her RFC assessment to any particular opinion or item of evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

Plaintiff argues that the ALJ erred by failing to account for her severe foot impairments. Specifically, Plaintiff argues that given her obesity and foot impairments, the ALJ erred by finding that she can "stand and walk most of a work day." (ECF No. 15, PageID.4228). Plaintiff's argument fails for two reasons. First, the ALJ did not find that Plaintiff can stand and walk for "most" of the workday. Rather, the ALJ found that during an 8-hour workday, Plaintiff can stand/walk for only 2 hours. (ECF No. 9-2, PageID.57). Second, Plaintiff has not articulated any argument that Plaintiff's ability to stand/walk is impaired to an extent greater than the ALJ recognized. In this respect, the Court notes that the medical record fails to indicate that Plaintiff suffers from any foot or ankle impairment which can reasonably be expected to limit her to an extent greater than the ALJ recognized. (ECF No. 9-52, PageID.3153-54). Instead, Plaintiff simply urges this Court to re-weigh the evidence and arrive at a different outcome. As previously noted, however, such is beyond this Court's limited jurisdiction. This argument is, therefore, rejected.

## II.   The ALJ Properly Assessed the Opinion Evidence

On August 30, 2018, Physician's Assistant Sarah Smoes assessed Plaintiff's mental functioning in the following areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. (ECF No. 9-52, PageID.3155-57). Smoes reported that Plaintiff experienced "marked" limitation in one area and "extreme" limitations

in the remaining three areas.[1]  (*Id.*).  Social Worker Theresa Canterbury testified at the administrative hearing and opined that Plaintiff was not capable of working due to her emotional impairments.  (ECF No. 9-3, PageID.179-80).  The ALJ afforded "little" weight to Smoes' opinion and "partial" weight to Canterbury's opinions.  (ECF No. 9-2, PageID.64-65).  Plaintiff argues that she is entitled to relief because the ALJ's assessment of these opinions violates the Treating Physician Rule.[2]

    The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition.  *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record."  *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

---

[1] For purposes of this assessment, a "marked" limitation was defined as "the person's functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited."  (ECF No. 9-52, PageID.3155).  An "extreme" limitation was defined as "the person is not able to function in this area independently, appropriately, effectively, and on a sustained basis."  (*Id.*).

[2] The so-called Treating Physician Rule was eliminated for claims filed after March 27, 2017.  *See* 20 C.F.R. §§ 404.1520c, 416.920c.

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Ibid.* (citation omitted).

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and

(6) other relevant factors. *Ibid.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

First, neither Smoes nor Canterbury are considered "acceptable" medical sources under the then-applicable Social Security Regulations. *See* 20 C.F.R. §§ 404.1502, 416.902. As such, the ALJ was not required to afford any particular deference to either person's opinions. Nonetheless, the ALJ assessed the opinions in question pursuant to the factors identified above and found such to be entitled to limited weight. This determination is supported by substantial evidence.

As the ALJ observed, Plaintiff's treatment notes indicate that her emotional limitations are not nearly as severe as Smoes and Canterbury suggest. (PageID.720, 732, 738, 774, 780-81, 806, 825, 840, 858, 864, 869, 871, 1284, 1496, 1501, 1506, 1511, 1516, 1523, 1529, 1552, 1883, 2333, 2446, 2509-2608, 2619, 2632, 3056, 3365, 3862, 4026, 4065, 4176). Treatment notes further indicate that Plaintiff's borderline personality, anxiety, and depression are "fairly well controlled." (ECF No. 9-46, PageID.2713). As the ALJ concluded, "[t]hese findings support the conclusion that [Plaintiff's] mental impairments did not cause disabling limitations." (ECF No. 9-2, PageID.63). In sum, the ALJ properly assessed the opinions in

question and the weight afforded such is supported by substantial evidence. Accordingly, this argument is rejected.

### III. The ALJ Properly Assessed Plaintiff's Credibility

At the administrative hearing, Plaintiff testified that she is unable to work because she is unable to sleep well at night due to "night terrors." (ECF No. 9-3, PageID.140). Plaintiff testified that she lays in bed for 20 hours daily because she does not "want to be around people." (ECF No. 9-3, PageID.144). Plaintiff also described experiencing anxiety and difficulty when interacting with people. (ECF No. 9-3, PageID.147-52). Plaintiff reported difficulty completing tasks and remembering appointments. (ECF No. 9-3, PageID.154). Plaintiff testified that she experiences suicidal thoughts and will not drive alone for fear she will crash the car kill herself. (ECF No. 9-3, PageID.154-55). Plaintiff reported that she was unable to work because she "ha[s] a hard time working with people," yet cannot work alone either. (ECF No. 9-3, PageID.167). The ALJ found Plaintiff less than fully credible because her subjective allegations were "not entirely consistent with" the evidence of record. (ECF No. 9-2, PageID.58). Plaintiff argues that she is entitled to relief because the ALJ improperly discounted her credibility.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit his ability to perform work-related activities. *Id.* at *4-9.[3]

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801

---

[3] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. However, the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

(6th Cir., July 29, 2004). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Ibid.* It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

In support of his assessment, the ALJ cited several items. First, as the ALJ noted, Plaintiff continued to work after her alleged disability onset date. (ECF No. 9-2, PageID.58). As the ALJ stated, while this work activity may not have constituted "disqualifying substantial gainful activity, it does indicate that [Plaintiff's] daily activities have, at least at times, been somewhat greater than [Plaintiff] has generally reported." (*Id.*). The ALJ also noted that the medical record contains indications that Plaintiff has not consistently complied with her care providers' treatment instructions. (PageID.58, 750, 1514, 2581). Plaintiff's care providers have also observed that Plaintiff's "[a]mount of pain described does not match her appearance or exam." (ECF No. 9-13, PageID.750). Plaintiff has also reported traveling and "getting drunk with friends." (ECF No. 9-65, PageID.4105).

Plaintiff has also reported traveling to Florida, attending a wedding reception, planning her own wedding, and engaging in regular exercise. (PageID.952, 1464, 3076, 3118, 4054).

Plaintiff does not articulate any error in the ALJ's analysis, but rather implores the Court to re-weigh the evidence and reach a different conclusion. As already noted, this the Court cannot do. The ALJ articulated a clear rationale for his findings regarding Plaintiff's subjective allegations and the ALJ's conclusions are supported by substantial evidence. Accordingly, this argument is rejected.

## IV.  Obesity

Lastly, Plaintiff argues that the ALJ failed to properly consider her obesity when assessing her RFC. Plaintiff asserts that the ALJ failed to comply with Social Security Ruling 02-1p, Titles II and XVI: Evaluation of Obesity, 2000 WL 628049 (S.S.R., Sept. 12, 2002).[4] As the Sixth Circuit has held, Social Security Ruling 02-1p "does not mandate a particular mode of analysis, but merely directs an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Commissioner of Social Security*, 359 Fed. Appx. 574, 577 (6th Cir., Dec. 22, 2009); *see also*, *Bledsoe v. Barnhart*, 165 Fed. Appx.

---

[4] This Social Security Ruling has since been replaced by Social Security Ruling 19-2p, Titles II and XVI: Evaluating Cases Involving Obesity, 2019 WL 2374244 (S.S.R., May 20, 2019). However, this Ruling applies only to applications filed on or after May 20, 2019. *See Ramirez v. Commissioner of Social Security*, 2019 WL 5802512 at *13 n.8 (N.D. Ohio, June 19, 2019). Thus, Plaintiff's argument is governed by SSR 02-1p.

408, 412 (6th Cir., Jan. 31, 2006) ("[i]t is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants").

The ALJ recognized that Plaintiff's obesity constituted a severe impairment and examined the entire record in assessing her residual functional capacity. The evidence of record does not support the argument that Plaintiff's obesity, either alone or in combination with her other impairments, impairs her to an extent greater than that recognized by the ALJ. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: July 22, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge