UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TINA ROBERTS-MULLETT,  )<br>         Plaintiff,  )<br>                           )<br>v.                         )<br>                           )<br>COMMISSIONER OF          )<br>SOCIAL SECURITY,         )<br>         Defendant.      )<br>_____ ) | No. 1:20-cv-352<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip Green, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on July 22, 2021 (ECF No. 21). The R&R recommends that the Court affirm the Commissioner of Social Security's decision that Plaintiff does not qualify for disability benefits. Plaintiff was given fourteen days to file written objections to the proposed findings and recommendation per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed objections to the R&R (ECF No. 22), and Defendant did not reply. For the following reasons, the Court will adopt the R&R and affirm the Commissioner's decision that Plaintiff is not entitled to disability benefits.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In social security matters, the magistrate judge and district court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The

scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and his findings are conclusive provided that they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). Substantial evidence is relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). This standard affords to the administrative decision-maker considerable latitude, and it indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary conclusion. *See Bogle*, 998 F.2d at 347.

This Court conducted a review to determine whether the Commissioner's decision was supported by substantial evidence. On review of the evidence, the R&R is adopted over Plaintiff's objections. Plaintiff first objects on the grounds that the administrative law judge ("ALJ")—who heard the merits of her claim and whose opinion became the Commissioner's final decision in the matter—and the R&R failed to consider two cases that Plaintiff believes to be favorable to her position (*see* ECF No. 22 at PageID.4279). Plaintiff argues that

*Wanserski v. Colvin*, No. 1:14-cv-1033-DKL-JMS, 2015 WL 5692521 (S.D. Ind. Sept. 28, 2015) and *Garner v. Winn Correctional Center*, No. 1:08-cv-01977, 2011 WL 2011502 (W.D. La. May 18, 2011) indicate that findings that a patient is "in no acute distress" at a medical appointment does not mean that the patient does not have disabling conditions. Based on this objection, Plaintiff appears to ask the Court to re-weigh the evidence and consider that in light of her medical records, which indicate that her physical and mental health are not as severely impaired as Plaintiff contends (*see* ECF No. 21 at PageID.4269, 4272), and find that Plaintiff does have disabling conditions that would render her eligible for disability benefits. As the R&R concludes in several places, it is not permitted for the district court to re-weigh the evidence. The ALJ's determination that Plaintiff's medical records support a finding that she is not disabled is backed by substantial evidence, and this objection is overruled.

Plaintiff next objects on the grounds that the opinions of her treating physician (who reported that Plaintiff experienced "marked" and "extreme" limitations in her mental capacity) and social worker (who testified at the administrative hearing that Plaintiff was not capable of working due to her emotional impairments) should have been given more than limited weight by the ALJ (*see* ECF No. 22 at PageID.4279). Again, Plaintiff is asking the Court to re-weigh the evidence and reach a decision contrary to the ALJ. The R&R properly assessed that the weight the ALJ afforded to the opinions of Plaintiff's physician and social worker was supported by substantial evidence. This Court agrees, and this objection is also overruled.

3

Plaintiff next objects to the R&R because it does not discuss the ALJ's failure to mention the consultative reports of Dr. Preston in determining Plaintiff's residual functional capacity ("RFC") (*see* ECF No. 22 at PageID.4280). In his opinion, the ALJ analyzed the opinions of several physicians and medical personnel (*see* ECF No. 9-2 at PageID.61-65) and concluded that, based on their professional opinions, "[Plaintiff] retains the ability to perform work within the parameters of the [decided-upon] residual functional capacity, which accommodates both her physical and mental impairments" (*see* ECF No. 9-2 at PageID.65). Although the ALJ omitted discussion on Dr. Preston's opinion, his determination of Plaintiff's RFC is not "inaccurate." Further, "accuracy" is not the appropriate standard. Rather, it is whether the ALJ's finding of Plaintiff's RFC is supported by substantial evidence in the record, which it is. This objection is overruled.

Plaintiff's next objection concerns Plaintiff's credibility (*see* ECF No. 22 at PageID.4280). She asserts that the ALJ and R&R inaccurately analyzed Plaintiff's credibility. Just as it is not this Court's job to re-weigh the evidence, it is also not this Court's job to resolve questions of credibility. *See Garner*, 745 F.2d at 387. On the issue of credibility, the R&R stated that "The ALJ found Plaintiff less than fully credible because her subjective allegations were 'not entirely consistent with' the evidence of the record. (ECF No. 9-2 at PageID.58)" (ECF No. 21 at PageID.4273). The magistrate judge already conducted a review of the ALJ's analysis on Plaintiff's credibility, which concluded that the ALJ's findings are supported by substantial evidence. This Court agrees, and this objection is also overruled.

Finally, Plaintiff objects on the grounds that the ALJ did not conduct a full analysis of Plaintiff's obesity and how it affects her disability status (*see* ECF No. 22 at PageID.4281).

4

The Court agrees with the R&R that the ALJ's analysis of Plaintiff's obesity is supported by substantial evidence:

> The ALJ recognized that Plaintiff's obesity constituted a severe impairment and examined the entire record in assessing her residual functional capacity. The evidence of record does not support the argument that Plaintiff's obesity, either alone or in combination with her other impairments, impairs her to an extent greater than that recognized by the ALJ.

(ECF No. 21 at PageID.4277). Plaintiff wants the Court to consider an additional (unpublished) case, *Shilo v. Commissioner of Social Security*, 600 F. App'x 956 (6th Cir. 2015), to reassess the ALJ's analysis of Plaintiff's obesity, and the Court is not permitted to do so. The ALJ's assessment of Plaintiff's obesity is supported by substantial record evidence; thus, this objection is overruled.

Given that there are no errors in the magistrate judge's analysis and the Commissioner's decision is supported by substantial evidence, the Court accepts the magistrate's recommendation to affirm the Commissioner's decision. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 21) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Court affirms the Commissioner's decision that Plaintiff is not entitled to disability benefits.

**IT IS SO ORDERED.**

**Date:** September 28, 2021                    /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge

5